UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-03078

**Suarez-Lopez,**
*Petitioner,*
v.
**Warden, T. Don Hutto Residential Center,**
*Respondent.*

## ORDER

Cruz Suarez-Lopez ("Petitioner") filed a habeas petition and an application for a temporary restraining order ("TRO") seeking his immediate release, an expedited response from the Government, and advanced notice of a transfer. Petitioner's application for a TRO is denied.

## BACKGROUND

Petitioner last entered the United States on or about March 30, 2008. Petitioner claims that he was admitted to the United States with an H-2B visa. Petitioner was detained by federal immigration officials on or about September 18, 2026, following a traffic stop and was transferred to the T. Don Hutto Residential Center in Taylor, Texas, where he is currently being held.

On October 29, 2026, Petitioner filed a petition for writ of habeas corpus, requesting his immediate release or an individualized bond hearing. On the same day, Petitioner filed an application for a TRO.

## LEGAL STANDARD

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the Court can conduct a preliminary injunction hearing. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). The party seeking a temporary restraining order has the burden to prove a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the non-movant, and that the granting of the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* (citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)).

## ANALYSIS

Petitioner is not entitled to a TRO because he has not shown a likelihood of success on the merits of his claims. Petitioner asserts that his detention is unlawful because it violates due process and the Immigration and Nationality Act. Petitioner claims that he was admitted into the United States with an H-2B visa and that he is being detained pursuant to section 1226(a). ECF No. 5 at 5. But Petitioner has not shown a likelihood of success on the merits if he is detained under 1226(a) because he has not shown that he requested but did not receive a bond hearing. *See Buenrostro-Mendez*, 166 F.4th at 505 ("§ 1226(a) applies to admitted aliens who overstay their visas"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained

under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). A person seeking habeas relief must first exhaust all available administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). Petitioner has not done so. Petitioner therefore has not shown a "substantial likelihood he will prevail on the merits" of his claims and is not entitled to a TRO. *Clark*, 812 F.2d at 993.

## CONCLUSION

Petitioner's application for a TRO, ECF No. 5, is denied.

*So ordered by the Court on November 9, 2026.*

ANDREW DAVIS
United States District Judge