**United States District Court**
**Western District of Texas**
**Austin Division**

No. 1:26-cv-03078

**Suarez-Lopez,**
*Petitioner,*
v.
**Warden, T. Don Hutto Residential Center,**
*Respondent.*

## Order to Show Cause and Vacating Referral, Granting Motion to Proceed In Forma Pauperis, Denying Motion to Expedite, and Denying Motion for Appointment of Counsel

Before the Court are petitioner's petition for a writ of habeas corpus, ECF No. 1, motion to proceed *in forma pauperis*, ECF No. 2, motion for appointment of counsel, ECF No. 3, and motion to expedite, ECF No. 4. The Court, having considered the petitioner's application to proceed *in forma pauperis*, finds the petitioner is indigent. The petitioner's motion to proceed *in forma pauperis* is therefore granted. The clerk shall file his petition without payment of fees or costs or giving security pursuant to 28 U.S.C. § 1915(a).

The Court finds good cause to give respondent 10 days to respond to this order. *See* 28 U.S.C. § 2243. Therefore, the respondent is ordered to file an answer that shows cause why the petitioner's writ should not be granted by no later than 10 days from this order. The respondent must file with the answer all records relevant to the resolution of the petitioner's habeas petition. The petitioner may file a reply to the respondent's answer by no later than 5 days from the answer. The Court will determine whether a hearing is necessary after it

reviews the parties' submissions and may resolve the petition prior to receiving the reply. Petitioner's motion to expedite, ECF No. 4, is denied as moot. In addition, the Court vacates the referral of this case to the assigned United States Magistrate Judge and returns the matter to its own docket.

The petitioner is admonished that the petitioner is generally required to raise all issues in the first petition. Successive petitions may be subject to dismissal under the abuse-of-the-writ doctrine. *See Beras v. Johnson*, 978 F.3d 246, 251–52 (5th Cir. 2020). If the petitioner identifies a new claim in the course of litigation, the petitioner is encouraged to amend the petition so that the Court may fully address all claims in the first instance.

In addition, the respondent is ordered to file, by no later than 5:00 p.m. on the day following the issuance of this order, a notice addressing whether the government will commit not to remove the petitioner pending the Court's resolution of the petitioner's habeas petition. The respondent's notice should also address what notice, if any, the respondent will give petitioner and the Court prior to moving the petitioner outside the Court's jurisdiction.

Petitioner's motion to appoint counsel is denied because he has not made the necessary showing for court-appointed counsel. "No constitutional right to counsel exists in habeas corpus actions." *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Counsel may be appointed for financially eligible petitioners in habeas cases when the "court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Santana v. Chandler*, 961 F2d 514, 516 (5th Cir. 1992). Although the Court has found the petitioner indigent, the interests of justice do not require appointment of counsel here. The petitioner has demonstrated that he can articulate his arguments and the

key facts at issue through his habeas petition. ECF No. 1. A review of the petition also shows that the issues before the Court are not complex. At this stage, petitioner has not shown that counsel is required. Therefore, Petitioner's motion for appointment of counsel is denied.

Copies of all pleadings, motions, and orders will be served electronically upon the United States Attorney for the Western District of Texas, pursuant to Fed. R. Civ. P. 5(b)(2)(E). The Clerk shall mail a copy of this order to the petitioner or petitioner's attorney of record.

*So ordered by the Court on November 9, 2026.*

ANDREW DAVIS
United States District Judge