UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-03078

**Suarez-Lopez,**
*Petitioner,*
v.
**Warden, T. Don Hutto Residential Center, et al.,**
*Respondents.*

## ORDER

Cruz Suarez-Lopez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an order preventing Respondents from re-detaining him without advance notice. Because Petitioner's detention is lawful, his request for injunctive relief and his petition are denied.

## BACKGROUND

Petitioner was admitted to the United States on or about September 15, 2022, as a nonimmigrant temporary agricultural worker to remain in the United States until November 25, 2022. Petitioner was served with a Notice to Appear and detained by federal immigration authorities on or about September 18, 2026. Petitioner was then transferred to the T. Don Hutto Detention Center in Taylor, Texas where he is currently detained.

On October 16, 2026, Petitioner, through counsel, requested a bond hearing. Petitioner filed a habeas petition on October 29, 2026, contesting his detention and seeking his

immediate release or an individualized bond hearing. On November 18, 2026, Petitioner received a bond hearing, and the immigration judge denied bond after determining that Petitioner is a flight risk. Petitioner is currently in full removal proceedings with his next scheduled hearing on December 7, 2026.

The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Because Petitioner is proceeding *pro se*, this Court construes his Petition generously. Read in that light, the Petition appears to allege that Petitioner's pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act (INA). Petitioner's arguments, however, fail.

Petitioner received an individualized bond hearing and is not entitled to habeas relief because he has not exhausted his administrative remedies. A person seeking habeas relief must first exhaust all administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). Here, Petitioner's proper avenue for relief is through administrative remedies, such as an appeal to the Board of Immigration Appeals or a request for a subsequent bond redetermination, not habeas relief. *See generally* 8 C.F.R. §§ 1003.19, 1236.1.

Petitioner's argument that his detention violates the INA also fails. Petitioner is lawfully detained pursuant to section 1226(a) because he was admitted to the United States on a temporary visa that has since expired. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505 (5th Cir. 2026) ("§ 1226(a) applies to admitted aliens who overstay their visas"). Section 1226(a) provides that an alien may be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). And section 1226(a) "*permits*, but does not require," the release of detained aliens on bond. *Buenrostro-Mendez*, 166 F.4th at 499 (emphasis added). Petitioner received his requested bond hearing, and the immigration judge denied bond. *See* ECF No. 11-1 at 3 (denying bond after determining Petitioner is a "flight risk"). This Court does not have

jurisdiction to review the immigration judge's decision. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (section 1226(e) prevents courts from reviewing "discretionary decisions about the application of § 1226(a) to particular cases") (internal quotation marks omitted); *see also Gonzalez v. Ashcroft*, 139 F. App'x 639, 640 (5th Cir. 2005) (per curiam) ("Because the [immigration judge's] decision ultimately involved the exercise of discretion, [the Court] do[es] not have jurisdiction to review it."). Therefore, Petitioner's detention does not violate the INA.

This Court does have jurisdiction "to review [Petitioner's] detention insofar as that detention presents constitutional issues[.]" *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005). But Petitioner's argument that his detention violates due process fails because "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 193 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). As discussed, Congress expressly authorized detention of an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). And it is well established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Petitioner "requested a custody redetermination pursuant to 8 C.F.R. § 1236," ECF No. 11-1 at 1, and received his individualized bond hearing. He is not entitled to additional process or his release. Thus, the Due Process Clause does not require granting the writ.

Petitioner's argument that he should be released because he was arrested without a warrant fails too. Even if his arrest was unlawful, that does not entitle him to the remedy of a writ

of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Roman Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (denying a habeas petition raising the Fourth Amendment and *Accardi* doctrine regarding a warrantless arrest).

Petitioner is also not entitled to an order preventing Respondents from re-detaining him without advance notice. As this order explains, Petitioner's detention is lawful. Petitioner has provided no reason why his re-detention with or without notice would be unlawful, and any relief regarding Petitioner's *potential* release and re-detention would be speculative. *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580–81 (1985) (a claim is "premature" when it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal citation omitted)). Petitioner's request for injunctive relief is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 25, 2026.*

ANDREW DAVIS
United States District Judge